UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1757(DSD/JJG)

Kevin David Pomerenke,

        Plaintiff,

v.                                                **ORDER**

Cheryl Bird c/o I.R.S.,

        Defendant.

This matter is before the court upon the pro se application to proceed in forma pauperis by plaintiff Kevin David Pomerenke. Based on a review of the file, and for the following reasons, the court denies the application and dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Pomerenke filed for Chapter 7 bankruptcy on July 16, 2009. Compl. ¶ 7. On October 24, 2009, the United States Bankruptcy Court for the District of Minnesota granted a discharge of Pomerenke's debt under 11 U.S.C. § 727. Id. ¶ 7; id. Ex. 1.

At some point thereafter, defendant, Cheryl Bird, an agent of the Internal Revenue Service (IRS) ordered Pomerenke's employer to garnish 75 percent of his wages to recover unpaid taxes. Id. ¶ 8. Pomerenke filed the instant action, claiming violation of the "Bankruptcy Act, Title 15 Sec. 1692 (FDCPA), [and] Title 18 Color of Law" and seeking to proceed in forma pauperis. Specifically,

Pomerenke seeks "full restitution of all monies taken since the bankruptcy on October 24, 2009," "clearing of all records i.e.: tax liens associated with the I.R.S. up to and including bankruptcy" and "full release sent to employer so no further action on my paychecks can be taken from me."

## DISCUSSION

When reviewing an application to proceed in forma pauperis, a court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

### I. Bankruptcy Act

Pomerenke first claims that his taxes were discharged in bankruptcy.  However, taxes "on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition — for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition" are not discharged in a Chapter 7 bankruptcy. 11 U.S.C. §§ 523, 507(a)(8).  Therefore, the complaint fails to state a claim under the Bankruptcy Act.

### II. Fair Debt Collection Practices Act

Pomerenke next claims that Bird has violated the Fair Debt Collection Practices Act (FDCPA) by garnishing his wages to satisfy

2

his tax obligations.  The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e).  For purposes of the FDCPA, a debt must arise "out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." Id. § 1692a(5).  Taxes, however, are not used primarily for personal, family or household purposes; they are for general, communal use. See Staub v. Harris, 626 F.2d 275, 279 (3d Cir. 1980).  As a result, they are not debts for purposes of the FDCPA.  Id. Moreover, Bird is not a "debt collector" as defined by the FDCPA.  The term debt collector does not include "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C § 1692(a)(6)(C).  Therefore, the complaint fails to state a claim under the FDCPA.

**III.  Title 18 Color of Law**

The court construes Pomerenke's final claim as a claim under 18 U.S.C. § 242.[1]  Section 242 of Title 18 of the United States Code is a criminal statute, which does not provide a basis for a private cause of action. United States v. Wadena, 152 F.3d 831, 846 (8th Cir 1998) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st

---

[1] The court liberally construes all claims in a pro se complaint.  See Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994).

3

Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 ... These statutes do not give rise to a civil action for damages.")); accord Johnson v. D.C. Criminal Justice Act, 305 F. App'x 662, 662 (D.C. Cir. 2008) ("To the extent appellant alleges violations of 18 U.S.C. § 241 and 18 U.S.C. § 242, the district court properly dismissed these claims, because there is no private right of action under these criminal statutes."). Therefore, the complaint fails to state a claim under Title 18.[2]

**CONCLUSION**

Having determined that the complaint fails to state a claim on which relief may be granted, the court must dismiss this action. 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

    1.   The application to proceed in forma pauperis [ECF No. 2] is denied;

    2.   The action is dismissed with prejudice; and

---

[2] The claim also fails if the court were to construe the claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). A taxpayer cannot maintain a Bivens claim against IRS agents for tax-collection and assessment activity. Searcy v. Donelson, 204 F.3d 797, 798 (8th Cir. 2000).

3.   The motion for a temporary restraining order [ECF No. 3] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 17, 2012

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court