```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Civil No. 12-1757(DSD/JJG)
```

Kevin David Pomerenke,

       Plaintiff,

v.                                                  **ORDER**

Cheryl Bird c/o IRS,
United States of America,

       Defendants.

    Kevin David Pomerenke, 3817 Heather Drive, Eagan, MN 55122, pro se.

    Harris J. Phillips, U.S. Department of Justice, Tax Division, P.O. Box 7238, Washington, D.C. 20044, counsel for defendants.

This matter is before the court upon the pro se motion for default judgment by plaintiff Kevin David Pomerenke and the motion to dismiss by defendant United States of America (United States). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to dismiss and denies the motion for default judgment.

**BACKGROUND**

This tax-liability dispute arises out of the garnishment of Pomerenke's wages by the Internal Revenue Service (IRS). The background of this action is fully set out in prior orders and the court recites only those facts necessary for disposition of the instant motion.

On July 20, 2012, Pomerenke filed suit against IRS agent Cheryl Bird,[1] alleging violations of the Bankruptcy Act, the Fair Debt Collection Practices Act and "Title 18 Color of Law." Compl. ¶ 4. Specifically, Pomerenke alleged that garnishment was improper because his tax liabilities were discharged in a Chapter 7 bankruptcy proceeding. Id. ¶ 7. On August 17, 2012, prior to service, the court dismissed the action sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ECF No. 4. Pomerenke appealed, and on November 7, 2012, the Eighth Circuit vacated in part and remanded the case for proceedings "with respect to Pomerenke's claim related to the Bankruptcy Act." Pomerenke v. Bird, 491 F. App'x 778, 780 (8th Cir. 2012) (per curiam).

On March 27, 2013, Pomerenke served Bird. See ECF No. 17. On May 31, 2013, Pomerenke requested entry of default against Bird and

---

[1] Pomerenke named Bird as the sole defendant in this case, in her official capacity as an IRS agent. A suit for the recovery of internal revenue tax alleged to have been erroneously or illegally collected, however, "may be maintained only against the United States and not against any officer or employee of the United States." 26 U.S.C. § 7422(f)(1). On July 22, 2013, the United States moved to substitute itself as the proper defendant and to dismiss the claims against Bird. ECF No. 31. "When a federal employee has been impermissibly named as defendant, the Court must substitute the United States as the proper-named defendant and dismiss the erroneously named employee." May v. United States, No. 12-1659, 2012 WL 5497878, at *3 (D. Minn. Oct 15, 2012) (Boylan, C.M.J.) (citation omitted), adopted by 2012 WL 5504884 (Nov. 13, 2012); see 26 U.S.C. § 7422(f)(2). As a result, dismissal is warranted as to Bird, and the court substitutes the United States as the proper defendant.

moved for default judgment.[2] ECF Nos. 18, 19. On July 22, 2013, the United States moved to substitute itself as the proper defendant and to dismiss the complaint.

## DISCUSSION

### I. Standard of Review

A court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In a facial challenge under Rule 12(b)(1), the court accepts the factual allegations in the pleadings as true and views the facts in the light most favorable to the nonmoving party. See Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008); Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) ("[T]he nonmoving party receives the same protections [for facial attacks under Rule 12(b)(1)] as it would defending against a motion brought under Rule 12(b)(6)." (citation omitted)). As a result, the court limits its inquiry to the pleadings, matters of public record, and materials necessarily embraced by the pleadings. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (listing materials

---

[2] The Clerk denied Pomerenke's request for entry of default against Bird on June 24, 2013. ECF No. 29. Pomerenke has made no showing that a copy of the summons and complaint was delivered to either the United States Attorney for the District of Minnesota or the Attorney General of the United States, as required by Federal Rule of Civil Procedure 4(i), and therefore fails to establish grounds for default judgment. As a result, the motion for default judgment is denied.

court may consider in a 12(b)(6) challenge); Osborn, 918 F.2d at 729 n.6.

## II. Subject-matter Jurisdiction

In his prayer for relief, Pomerenke requests "full restitution of all monies taken since the bankruptcy ..., [t]he clearing of all ... tax liens associated with the IRS ... [and] [f]ull release sent to employer so no further action on my paychecks can be taken." Compl. 4-5. The court construes the request as seeking (1) an injunction against future IRS tax collection related to his 2009 bankruptcy, (2) a refund of all wages garnished by the IRS since his 2009 bankruptcy and (3) a release of the tax lien against his wages.[3] The United States argues that Pomerenke has failed to meet his burden to establish subject-matter jurisdiction over any of these claims. See Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 615 F.3d 985, 988 (8th Cir. 2010) ("The burden of proving federal jurisdiction ... is on the party seeking to establish it." (citation omitted)). Specifically, the United States argues that the claim for injunctive relief is barred by the Anti-Injunction Act (AIA) and that Pomerenke has not exhausted his administrative remedies for the remaining claims.

---

[3] To the extent that Pomerenke alleges a violation of the bankruptcy discharge order, such a claim would need to be brought before a federal bankruptcy court. See 26 U.S.C. § 7433(e)(1).

### A.   Injunctive Relief

The AIA provides that, generally, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). A plaintiff may nevertheless bring suit for injunctive relief if he can demonstrate (1) a certainty of success on the merits and (2) irreparable injury. See Pagonis v. United States, 575 F.3d 809, 814 (8th Cir. 2009). The plaintiff has the burden of establishing that this exception applies. May v. United States, No. 12-1659, 2012 WL 5497878, at *4 (D. Minn. Oct. 15, 2012) (Boylan, C.M.J.), adopted by 2012 WL 5504884 (Nov. 13, 2012).

Here, Pomerenke has alleged no facts to suggest that he faces irreparable injury. Indeed, Pomerenke has specific remedies available to him to petition for a refund of any wrongfully-collected taxes, to request damages for failure to release a lien or to claim damages for unauthorized collection actions. See, e.g., 26 U.S.C. §§ 7422, 7432, 7433. As a result, the court lacks subject-matter jurisdiction over any claim for injunctive relief, and dismissal is warranted.

### B.   Sovereign Immunity

The United States next argues that the court lacks subject-matter jurisdiction over the remaining claims because Pomerenke has not exhausted his administrative remedies. "A district court lacks jurisdiction to hear a case against the United

States unless its sovereign immunity has been waived, and the court's jurisdiction is limited by the scope of the waiver." <u>Kaffenberger v. United States</u>, 314 F.3d 944, 950 (8th Cir. 2003). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." <u>Murray v. United States</u>, 686 F.2d 1320, 1325 (8th Cir. 1982) (citations omitted).

Where Congress has provided for a specific waiver of sovereign immunity, however, the scope will be strictly construed in favor of the government. <u>Kaffenberger</u>, 314 F.3d at 950 (citation omitted). In the context of IRS refunds, Congress has waived sovereign immunity under certain circumstances. Specifically, suits for tax refunds require that a plaintiff first file "a claim for refund or credit ... with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

In other words, in order to maintain a suit for a tax refund, the taxpayer must first exhaust all administrative remedies. <u>See</u> 26 U.S.C. § 7422(a) ("No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed ... until a claim for refund or credit has been duly filed with the Secretary...."); <u>see also</u> 26 C.F.R. § 301.7432-1(e) (requiring administrative claim before filing action for failure to release a lien), 26 C.F.R. § 301.7433-1(d) (requiring administrative claim before filing action for

6

certain unauthorized collection actions). Here, Pomerenke has not alleged that he exhausted administrative remedies for any of his claims, and there is no indication that he has followed the available administrative procedures. As a result, the United States has not waived its sovereign immunity, and the court does not have subject-matter jurisdiction over Pomerenke's remaining claims. Therefore, dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

    1.   Plaintiff's motion for default judgment [ECF No. 19] is denied; and

    2.   Defendant's motion to dismiss [ECF No. 31] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 3, 2014

>                          s/David S. Doty
>                          David S. Doty, Judge
>                          United States District Court