UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1757(DSD/JJG)

Kevin David Pomerenke,

        Plaintiff,

v.                                          **ORDER**

Cheryl Bird c/o IRS,
United States of America,

        Defendants.

This matter is before the court upon (1) the application of pro se plaintiff Kevin David Pomerenke to proceed in forma pauperis (IFP) on appeal and (2) the motion by Pomerenke to waive the fee for a transcript of the September 20, 2013, hearing.

**I.  IFP on Appeal**

A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith."  Id. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court must decide whether the claims to be decided on appeal are

factually or legally frivolous. <u>Id.</u> at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Here, Pomerenke's IFP application indicates that, although he is employed, 75 percent of his wages are currently subject to garnishment. ECF No. 45, at 5. The application also indicates that Pomerenke has no bank accounts or other assets that could be used to pay the filing fee and costs for his appeal. As a result, the court finds that Pomerenke is financially eligible for IFP status.

Although the court remains fully satisfied that this action was properly dismissed, Pomerenke's appeal is not "frivolous" as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3). Therefore, the IFP application will be granted.

**II. Motion to Waive Transcript Fee**

Pomerenke also moves the court to waive the fee for the transcript of the September 20, 2013, hearing. Appellants proceeding IFP on appeal can have transcript fees waived "if the trial judge ... certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). An appeal presents a substantial question when the "issue on appeal[,] judged

on an objective basis, is a question which is reasonably debatable." <u>Linden v. Harper & Row, Inc.</u>, 467 F. Supp. 556, 558 (S.D.N.Y. 1979) (citation and internal quotation marks omitted). "An additional factor is whether the transcript is necessary for the presentation of the appeal." <u>Id.</u> (citation omitted). Here, for the reasons set out in the court's January 3, 2014, order granting defendant's motion to dismiss for lack of jurisdiction, the appeal does not present a question which is reasonably debatable. Moreover, the transcript of the hearing is not necessary for the presentation of the appeal. As a result, the motion to waive the costs of the transcript is denied. Accordingly, **IT IS HEREBY ORDERED** that the application to proceed in forma pauperis on appeal [ECF No. 45] is granted and the motion to waive transcript fees [ECF No. 41] is denied.

Dated:  February 27, 2014

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court